# JOHN G. LUNDQUIST v. JOHN W. PETERSON AND ANOTHER.[1]

November 30, 1917.

No. 20,561.

**Accounting.**

Case remanded with directions to credit plaintiff with certain amounts and to credit defendants with certain other amounts, to make the neces-

[1]Reported in 165 N. W. 138.

sary amendments to the findings of fact and conclusions of law, and credit plaintiff with the balance found to be due to him. [Reporter.]

After the former appeal reported in 134 Minn. 279, 158 N. W. 426, 159 N. W. 569, there was a retrial of the accounting before Daly, J., who made further findings, ordered judgment in favor of plaintiff for $14,273.54, and dismissed the action as to Caroline Peterson. Plaintiff's motion for amended findings was denied. Defendants' motion for amended findings was denied. From an order denying their motion for a new trial, defendants appealed. Remanded with directions to amend the decision in accordance with the opinion.

*Lancaster, Simpson & Purdy, Alva R. Hunt* and *E. P. Peterson,* for appellants.

*H. E. Fryberger* and *L. K. Sexton,* for respondent.

PER CURIAM.

In our decision on the former appeal in this case, reported in 134 Minn. 279, 158 N. W. 426, 159 N. W. 569, we held that the evidence sustained the findings of the trial court that defendants made fraudulent representations to the plaintiff at the time he transferred to them his interest in the property of a copartnership composed of plaintiff and defendants; that the evidence sustained a finding that plaintiff believed and relied upon such representations and was induced by them to make the transfer; that the action was not barred by the statute of limitation, and that the trial court did not err in requiring defendants to account to the plaintiff for the amount of his original investment, with interest, less sums received by him from the copartnership. But we held that in taking the account not all the moneys received by plaintiff were charged against him, and ordered a new account taken, unless plaintiff should consent that the accounting be changed by adding to the amount adjudged to be due from the defendants to plaintiff the sum of $4,000 as of May 1, 1889, and by deducting therefrom the sum of $2,000 as of September 30, 1889; the sum of $2,000 as of March 1, 1890; the sum of $1,500 as of December 1, 1891; and the sum of $2,000 as of September 16, 1897. Plaintiff consented to this change, but on motion of defendants a reargument was granted on the question of the accounting. On the reargument we held that in making the accounting the $5,000 paid by defendants to plaintiff September 16, 1897, which in avoiding the transaction plaintiff was obliged to repay to defendants, should draw interest from the date of its payment, and be applied when the final reckoning is had. We concluded that, in view of the uncertainty as to the true status of the account, a new trial of the accounting should be had without an option in the plaintiff to consent to a reduction. We said that upon the retrial the court is not concluded by "anything

said in this or the former opinion relative to the status of the account."

The retrial ordered was had on the evidence introduced on the former trial and some new evidence. The court filed a decision substantially the same as its original decision. It found the amount of plaintiff's original contribution to the partnership to be the sum of $14,303.54, the same as found on the first trial, but allowed plaintiff interest on this sum from June 1, 1888, instead of from January 1, 1890, as was done by the former decision. The same deductions were allowed. The trial court did not follow our ruling as to the application of the $5,000 paid by defendant and interest from the date of the payment, but adhered to its original decision in this regard, applying the ordinary partial payment rule. It did not allow any of the payments, aggregating $7,500, which are discussed in our original opinion, except as $4,000 of these payments are allowed in paragraph 5 of the findings as offsetting additional contributions by plaintiff of that amount. This paragraph 5 is the same indefinite finding discussed on pages 286 and 287 of the opinion on the former appeal. It is that, in addition to his original contribution in 1888, plaintiff advanced an amount aggregating more than $4,000, and that the sums received by plaintiff from defendants, in excess of those credited, were not so much as $4,000. Our decision before was that the finding that plaintiff received as little as $4,000 in excess of the amount of $839.70, allowed by the findings as a credit, was not sustained by the evidence. We said that we were unable to find from the evidence that plaintiff had paid into the copartnership as much as $4,000 in addition to his original investment, but that if this were the only item of the account we ought not to disturb the finding.

After the decision of the lower court on the retrial of the accounting, defendants moved for amended findings and for a new trial. Plaintiff also moved for amended findings. These motions were all denied, except that the trial court ordered his memorandum made a part of the decision. Defendants appealed from the order denying a new trial.

It is clear that the trial court should have allowed defendants interest at the legal rate on the $5,000 paid to plaintiff September 16, 1897, on the settlement, to be applied as held in the opinion on reargument. This was definitely decided on the reargument, is the law of the case, and we still think, sound law. Plaintiff admits the $1,500 payment of December, 1891. In these respects it is hardly open to question that the decision below was wrong. Counsel for plaintiff seeks to sustain the failure to allow these and other credits by insisting that the trial court should have found plaintiff's contributions to the copartnership to be much greater than it did find them to be. This claim cannot be sustained, as plaintiff has not appealed. Indeed we have the same difficulty as before in sustaining the finding that plaintiff advanced as much as $4,000 after his original con-

tribution, but have concluded that the amount of plaintiff's total contribution should stand as found by the trial court.

The case is not made clearer by the following excerpt from the memorandum of the trial court, made a part of the decision:

"The parties had a great number of business transactions herein, the plaintiff advanced large sums of money to defendants as individuals and wherein the defendants collected large sums of money from third persons and belonging to [plaintiff], but these transactions were aside from the partnership and only have a collateral bearing on the same. The partial settlement in 1890 had reference solely to such collateral transactions. It seems to the writer after a careful consideration of all the testimony that there can be no doubt but that all the money received by the plaintiff that should be credited on the capital invested is what was received from the sale of real estate including the amount received from Peter Christianson and $5,000 paid in September, 1897."

In saying that in these transactions "plaintiff advanced large sums of money to defendants as individuals," we do not understand that the court intended to find that plaintiff contributed nothing to the partnership after his original investment. The court refused to strike out paragraph 5 of the findings, though both parties requested it. We assume that the advancements referred to in the memorandum were in addition to the $4,000 found in paragraph 5. Nor can we assume, as suggested by counsel for defendants, that the court refused to credit payments made by defendants on the ground that they were payments of dividends or profits, as, in the shape the accounting was made, there can be no doubt that all payments by defendants to plaintiffs, except on matters "aside from the partnership," should be credited against plaintiff's contributions to the firm. We interpret this part of the memorandum simply as a finding that the payments made by defendants and not credited were made on these so-called "collateral transactions."

We are satisfied, as we were on the former appeal, that the evidence does not sustain the finding that plaintiff received as little as $4,000 in excess of the $839.70 allowed. We think it is practically conclusive that the four items, aggregating $7,500, were received as and at the dates stated in the former opinion. A new trial is unnecessary. The case is remanded to the trial court with directions to amend its decision as follows: Credit plaintiff with the amount of his original contribution as found, with legal interest from June 1, 1888, less the credits allowed by the findings, and with $4,000 as of May 1, 1889, with legal interest from that date; credit defendants with interest on the $5,000 applied as herein held it should be, and with the following payments: $2,000 as of September 30, 1889; $2,000 as of March 31, 1890; $1,500 as of December 1, 1891, and $2,000 as of Septem-

ber 16, 1897; these four payments to be applied under the ordinary mercantile rule applicable to partial payments. Make the necessary amendments to the findings of fact and conclusions of law and order judgment for the balance due plaintiff after it is ascertained by the method indicated.